**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.   **ROBERT P. MCLEOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | CIV-16- 1322-HE |
| | ) | |
| 1.   **SILVERADO RECONDITIONING SERVICE, INC.,** | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | **ATTORNEY LIEN CLAIMED** |

**COMPLAINT**

**COMES NOW** the Plaintiff, Robert P. McLeod, and for his Complaint against the Defendant alleges and states as follows:

**PARTIES**

1. The Plaintiff is Robert P. McLeod, an adult male resident of Oklahoma County, Oklahoma.

2. The Defendant is Silverado Reconditioning Service, Inc., an entity doing business in and around Oklahoma County, Oklahoma.

**JURISDICTION AND VENUE**

3. This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on claims of: (1) religious discrimination, failure to accommodate and retaliation for requesting religious accommodation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); and (2) wrongful discharge in violation of state law which prohibits terminating an employee for engaging in whistle-blowing activities.

4. Jurisdiction over Plaintiff's federal cause of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claim as it arises out of the same core of operative facts as the federal claim and jurisdiction over it is vested in this Court under 28 U.S.C. § 1367(a).

5. Defendant is located in Oklahoma County and all acts complained of occurred in or around Oklahoma County. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Therefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Plaintiff is a Christian who has been a member of the Bible Missionary Church since 1992. He holds a bachelor's degree in Theology and has been a pastor for over twenty (20) years.

7. In or around July/August 2015, Plaintiff applied for an auto transporter (driver) position with Defendant. Plaintiff initially spoke with Defendant's Owner Jim Stratton about the position. Plaintiff told Stratton about his religion and history working as a pastor. He further told Stratton that he could not work on Sundays due to his religious beliefs.

8. Stratton told Plaintiff the position involved driving a full-sized semi truck hauling cars to and from Kansas and Texas. Stratton further stated that Plaintiff would likely be driving out-of-state during the week and that Stratton could not guarantee that Plaintiff would be able to return home on Sundays. Plaintiff told Stratton he did not have to be home on Sundays so long as he was not required to work on Sunday. Stratton responded that he could work with that and asked Plaintiff to come in to the office to complete his application.

9. At the time Plaintiff completed his application, which included references to his past employment as a pastor, Plaintiff met with Stratton in person. During the meeting, Plaintiff reiterated his need to be off work on Sundays due to his religious beliefs. Stratton told Plaintiff this was not a problem and that, although Plaintiff may not be able to return home on Sundays, he would not be required to work on Sundays.

10.     For approximately four (4) months, Defendant accommodated Plaintiff's request not to work on Sundays.

11.     However, on or about Saturday November 28, 2015, Plaintiff was delivering a load to a Houston, TX car dealership.  Plaintiff received a text message late in the evening from Dispatcher Mike (last name unknown) directing Plaintiff to drop the cars off at the dealership (which was closed at the time) and pick up another load of cars from a Hertz rental car location to be driven to another location on Sunday, November 29, 2015.

12.     Plaintiff had two (2) concerns with this directive.  First, Plaintiff reminded Mike that he did not drive on Sundays due to his religious beliefs.  Second, Plaintiff told Mike he could not drop the cars off because the dealership was closed and that he could not leave the cars unattended to pick up another load because Plaintiff understood he would be liable for damaged or stolen cars while they were in his custody.

13.     On or about Sunday, November 29, 2015, Mike again texted Plaintiff asking whether Plaintiff was going to pick up the cars from Hertz.  Plaintiff told Mike he was not going to do so on that Sunday because he does not work on Sundays and never had while employed with Defendant.

14.     Thereafter, Plaintiff called Stratton to discuss the issue.  Stratton immediately became hostile with Plaintiff, yelling and cursing at Plaintiff.  Stratton falsely claimed that he had never agreed that Plaintiff would not have to work on Sundays.  Stratton told Plaintiff to "get [his] ass back to Oklahoma City on Monday" and to leave the truck keys on Stratton's desk because Plaintiff was fired.

15.     Plaintiff was terminated by Stratton on or about November 29, 2015 for his request for religious accommodation of not working on Sundays.

16.     Plaintiff's termination was also motivated by his refusal to violate state and federal Department of Transportation ("DOT") regulations. Particularly, while employed, Plaintiff was required to fill out driving logs which accounted for his driving time. On several occasions, Dispatcher Mike directed Plaintiff to "correct" certain entries in Plaintiff's log to reduce the amount of hours Plaintiff had actually driven. Mike told Plaintiff this was because Plaintiff listed certain time as "driving" that Plaintiff was not required to list as driving time, such as driving between car lots to pick up multiple cars from different locations within the same city. Mike further told Plaintiff that he would be written up if his logs were not "correct." Based on Dispatcher Mike's representations that driving between car lots was not "drive time," Plaintiff made such "corrections."

17.     Then, in or around mid-November 2015, Plaintiff discovered that Mike was not correct and that modifying his drive logs in this manner was not consistent with DOT regulations. As such, when Mike asked Plaintiff to "correct" another drive time log, Plaintiff refused, telling Mike to write him up because he would not change the log to reflect less driving time than Plaintiff actually drove. Plaintiff further told Mike he could not change the log because Plaintiff does not lie. Mike issued a write-up to Plaintiff in or around mid-November 2015, and Plaintiff was terminated about two (2) weeks later.

18.     Plaintiff's termination was motivated in part by his refusal to modify his drive time logs contrary to state and federal laws and regulations, including but not limited to 69 O.S. § 101, *et seq.*, O.A.C. 595:35-1-4 and 49 C.F.R § 395.1, *et seq.*

19.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries as described below.

## COUNT I - Title VII

For his first cause of action, Plaintiff incorporates all prior allegations and further

alleges and states as follows:

20.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, as amended, in the nature of religious discrimination, failure to accommodate, and retaliation for requesting a religious accommodation.

21.     Plaintiff is entitled to relief because he is a member of the Bible Missionary Church, was qualified for his job, was terminated, and his position was not eliminated after his termination.

22.     Plaintiff is entitled to relief because his religious practice was a motivating factor in Defendant's termination decision.

23.     Plaintiff is further entitled to relief because he engaged in a protected activity by requesting a religious accommodation, he suffered an adverse action, and, as shown above, there is a causal link between the protected activity and the adverse action.

24.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

25.     Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT II - *Burk* Tort

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

26.     The acts above-described constitute a violation of Oklahoma's public policy which prohibits wrongful termination and retaliation against a whistle-blower for performing an act consistent with a clear and compelling public policy, i.e., refusing to participate in an illegal activity; performing an important public obligation; exercising a legal right or interest; exposing some wrongdoing by the employer; and performing an act that public policy would

encourage or, for refusing to do something that public policy would condemn.[1]

27.     Plaintiff has suffered injuries and is entitled to recovery all damages or other relief allowed by state law, including but not limited to, lost wages (past and future), emotional distress damages, punitive damages, and attorney's fees and costs.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff and against Defendant and award compensatory damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 18th day of November, 2016.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA # 17844
LAUREN W. JOHNSTON, OBA # 22341
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. Walker
Oklahoma City, Oklahoma 73139
(405) 239-3800 (telephone)
(405) 239-3801 (facsimile)
leonardjb@leonardlaw.net
johnstonlw@leonardlaw.net**

**ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED**

---

[1] By way of example, the Oklahoma Highway Code of 1968 and additional legislation found in 69 O.S. § 101, *et seq.,* recognize that safe and efficient highway transportation is a matter of important interest to all people in the state.  O.A.C. 595:35-1-4 adopts 49 C.F.R § 395.1, *et seq.*, which sets forth drive time limitations for drivers such as Plaintiff.